## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **COREY ARNOLD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 5:15–CV–210** |
| | § | |
| **JOHN M. MCHUGH,** | § | |
| **SECRETARY,** | § | |
| **DEPARTMENT OF ARMY** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant John McHugh ("Defendant") files this Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket No. 17), and requests that the Court dismiss Plaintiff Corey Arnold's ("Plaintiff") claim, brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), the Administrative Procedure Act, 5 U.S.C. 701 et seq. ("APA") and the Mandamus Statute, 28 U.S.C. 1361 ("Mandamus Statute") for enforcement of an award of monetary sanctions in an Equal Employment Opportunity Commission ("EEOC") proceeding.  Having considered the parties' written submissions, the Motion is hereby **GRANTED**.

## BACKGROUND

Plaintiff was employed by the U.S. Army as a Heavy Equipment Mechanic with the Red River Army Depot in Texarkana, Texas, and was deployed in Kuwait for much of his tenure. Docket No. 1-2 at 1.  In May, 2011, he was removed from the overseas theatre for insubordination, and his appointment was terminated three months later. *Id.*  Plaintiff then filed

an EEOC complaint alleging racial discrimination by Defendant for his removal in violation of Title VII.  *Id.*

During the EEOC proceedings, the Administrative Judge ("AJ") issued an order sanctioning the Army for failing to timely investigate Plaintiff's complaint.  The AJ ordered Defendant to pay Plaintiff's reasonable discovery costs, including attorneys' fees incurred because of the delayed investigation.  *Id*.  The AJ then found that Defendant had not discriminated against Plaintiff.  Docket No. 1-2 at 2.

Following the AJ's decision, Defendant issued a Final Agency Decision ("FAD") and an Amended FAD that each affirmed the finding of no discrimination but stated that Plaintiff would not be entitled to any relief, including attorneys' fees or costs, because he was not the prevailing party.  Docket No. 1-10 at 2.  In its Amended FAD, Defendant stated that it was bound to follow an opinion of the Office of Legal Counsel ("OLC") for the Department of Justice ("DOJ"), in which the DOJ found that there was no express waiver of sovereign immunity that would authorize the payment of sanctions in an administrative case before the EEOC and therefore paying the monetary sanction would "potentially violat[e] the Anti-Deficiency Act, 31 U.S.C. § 1341."  *Id*. at 2.

Plaintiff appealed the Amended FAD to the EEOC Office of Federal Operations ("OFO"), which issued an order modifying the Amended FAD and ordering Defendant to pay the sanctions issued by the AJ.  Docket No. 1-2.  The OFO rejected Defendant's sovereign immunity argument, citing *Mirabal v. Department of the Army*, EEOC Appeal No. 0720120007 (Nov. 9, 2012), which relied upon Title VII in upholding the AJ's power to issue such sanctions. *Id*.  The OFO then denied Defendant's request for reconsideration.  Docket No. 1-3.

Defendant subsequently submitted a Compliance Report with the EEOC, in which it again stated that it could not legally pay the sanction because the EEOC did not have authority to issue such sanctions.  Docket No. 1-17.  Defendant again relied on the opinion of the DOJ and claimed that paying the sanction would be a violation of the Anti-Deficiency Act.  *Id.*

Plaintiff then filed suit in this Court under 29 C.F.R. § 1614.503(g) pursuant to Title VII, the Administrative Procedure Act, and the Mandamus Statute requesting that the Court order Defendant to pay the monetary sanction.  Docket No. 1.  Defendant filed this Motion to Dismiss claiming no jurisdiction exists for this case because Congress has not waived sovereign immunity for awards of monetary sanctions in EEOC proceedings.[1]  Docket No. 17 at 1.

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction when the district court lacks the statutory and constitutional power to adjudicate the case.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Courts analyze Rule 12(b)(1) motions to dismiss under the same standard as a motion to dismiss under Rule 12(b)(6).  *See id.*  When ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Den Norske Stats Oljeselskap As v. HeereMac v.o.f.*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction.  *See Menchaca v.*

---

[1] Defendant also argues that Plaintiff's claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Because the Court finds that it lacks subject matter jurisdiction for this complaint, it does not reach the Defendant's arguments under Rule 12(b)(6).

*Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Courts only grant motions to dismiss when it is clear the claimant can prove no set of facts in support of its claims that would entitle it to relief. *See Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").  "Federal courts have jurisdiction to hear suits against the government only with 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.' "  *Young v. United States*, 727 F.3d 444, 447 (5th Cir.2013) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). "The terms of consent to be sued may not be inferred, but must be unequivocally expressed." *White Mountain Apache Tribe*, 537 U.S. at 472 (internal quotation marks omitted).  Further, waivers must be "strictly construed, in terms of [their] scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

## ANALYSIS

Plaintiff brings this action under 29 C.F.R. § 1614.503(g), "pursuant to Title VII, the Administrative Procedure Act, 5 U.S.C. 701 et seq., and the Mandamus Statute, 28 U.S.C. 1361" to enforce an award of monetary sanctions by an AJ against Defendant in an EEOC proceeding. Docket No. 1 at 1.  Defendant argues that none of these statutes or regulations waives sovereign immunity, precluding Plaintiff's suit.  Docket No. 17 at 13.  Further, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because no statute has

waived sovereign immunity for payment of monetary sanctions imposed in EEOC proceedings. *Id*. at 16.  Plaintiff responds that Congress has waived sovereign immunity through the statutes listed in his complaint.  Docket No. 18 at 5.  As the party invoking jurisdiction, Plaintiff bears the burden of proving subject matter jurisdiction.  *See Menchaca*, 613 F.2d at 511.

## I.      Jurisdiction Under Title VII

Title VII prohibits discriminatory employment practices in the Federal Government.  42 U.S.C. § 2000e-16(a).  The EEOC is authorized to enforce this prohibition, and is given power to "issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under [Title VII]."  § 2000e-16(b).

Plaintiff argues that this grant of authority has waived sovereign immunity for monetary sanctions in EEOC proceedings, as the EEOC has deemed these sanctions as necessary to maintain the integrity of its proceedings.  Docket No. 18 at 3.  Plaintiff claims that this conclusion is required by *West v. Gibson*, 527 U.S. 212 (1999), which held that compensatory damages are an appropriate remedy for Title VII violations by federal agencies.  Docket No 18 at 4.  The Court in *West* found that denying the EEOC the ability to award compensatory damages would undermine the Title VII's remedial scheme, and Plaintiff argues that allowing agencies to avoid paying monetary sanctions in EEOC proceedings would likewise undermine Title VII's remedial scheme.  *Id.* at 4.  Further, Plaintiff argues that *West* relaxed the sovereign immunity standards for Title VII by allowing the EEOC to award compensatory damages despite an express statutory waiver for such awards and contends that the same relaxed standard should be applied here.  *Id.* at 4–5.  Plaintiff notes that the sanction awarded against Defendant here took the form of attorneys' fees and claims that sovereign immunity has been waived for attorneys' fees in EEOC proceedings.  Docket No. 18 at 4.  Finally, Plaintiff notes that the EEOC has

repeatedly rejected arguments from agencies that sovereign immunity bars an award of monetary sanctions in its proceedings.  *Id.* at 3.

Defendant argues that § 2000e-16(b) cannot be read to waive sovereign immunity for monetary sanctions in EEOC proceedings because these sanctions are not a remedy for discrimination, but only for violation of an AJ's order.  Docket No. 17 at 12.  Because the statute does not explicitly state that the EEOC has authority to impose monetary sanctions, Defendant claims that sovereign immunity is not waived and that this suit must be dismissed.  Docket No. 17 at 13.  Defendant further argues that Title VII has waived sovereign immunity for attorneys' fees in § 2000e-5(k), but that this provision only applies to prevailing parties.  *Id.* at 13.

Plaintiff has not met the burden of proof for establishing that jurisdiction exists for this action.  Title VII waives sovereign immunity in cases where a federal employee seeks relief against a Government employer for "any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a), (c).  Plaintiff does not seek relief against Defendant for any form of discrimination here, as the EEOC determined that he was not discriminated against and he has not challenged that decision.  Instead, Plaintiff seeks to enforce an award of sanctions for the violation of an AJ's order.

Section 2000e-16(b) and *West* do not require this Court to find jurisdiction in this case, as Plaintiff argues.  *West* held that compensatory damages were an appropriate remedy under § 2000e-16(b), but spoke nothing of monetary sanctions or of the EEOC's ability to issue such awards.  527 U.S. at 217.  Nor did *West* alter the sovereign immunity analysis, as the Court applied the normal presumption of sovereign immunity and explicitly stated that it was not deciding whether there was any need for a lower standard to be applied in administrative cases.  *Id.* at 222.

Further, contrary to Plaintiff's contention, the EEOC's inability to impose monetary sanctions on federal agencies does not undermine Title VII's remedial scheme in the way that the Court in *West* found that an inability to award compensatory damages would.  In *West*, the Court noted that if the EEOC could not award compensatory damages, disputes that the EEOC could have resolved would be forced into federal court.  *Id.* at 219.  The same cannot be said for monetary sanctions.  These sanctions are not remedial, as they can be awarded to parties who have not been discriminated against, and the EEOC has several tools other than monetary sanctions that it can use to keep agencies from disregarding its procedural orders.  *See* 29 C.F.R. § 1614.109(f)(3) (stating that an AJ may, among other forms of non-monetary sanctions, draw adverse inferences or exclude evidence when an agency violates an order of the AJ).

Plaintiff's claim also does not fall under Title VII's waiver of sovereign immunity for attorneys' fees, as the statute waives sovereign immunity for attorneys' fees only when a party prevails.  42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the *prevailing party* . . . a reasonable attorney's fee . . . .") (emphasis added).  The specificity of this provision "illustrates Congress' ability to craft a clear waiver of the Federal Government's sovereign immunity against particular remedies" and counsels against attempting to apply the waiver broadly.  *Lane*, 518 U.S. at 194.

Finally, the EEOC's repeated rejection in its own proceedings of sovereign immunity arguments against its ability to impose monetary sanctions does not establish that sovereign immunity is waived.  The EEOC cannot waive the Federal Government's immunity through its regulations or its administrative proceedings.  *See United States v. Mitchell*, 463 U.S. 206, 215–16 (1983) (explaining that executive regulations cannot waive sovereign immunity).  Accordingly, Plaintiff has not shown that jurisdiction exists under Title VII for his claim.

## II.      Jurisdiction Under the APA and Mandamus Statute

Plaintiff also relies on the APA and Mandamus Statute for jurisdiction for this suit. Docket No. 1 at 1.  Plaintiff points to 29 C.F.R. § 1614.503(g), which states that the EEOC "shall notify [a] complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII . . . and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. 701 et seq., and the mandamus statute, 28 U.S.C. 1361 . . . ."  However, "the APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977).  Plaintiff thus cannot rely on the APA alone for jurisdiction.

Similarly, the Mandamus Statute does not confer jurisdiction on Plaintiff's claim.  The Mandamus Statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Three elements must exist before mandamus can issue: (1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).  Here, Plaintiff cannot show a clear right to the relief sought because there is no explicit provision in Title VII which waives sovereign immunity.  Plaintiff thus cannot rely on the Mandamus Statute for jurisdiction for his claim.

## CONCLUSION

Because Congress has not waived sovereign immunity for suits to enforce awards of monetary sanctions from EEOC proceedings, Defendants' Motion to Dismiss (Docket No. 17) is **GRANTED**.

**So ORDERED and SIGNED this 30th day of September, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE